IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENNETH RAY BAILEY,**

      **Plaintiff,**

      v.                                       CASE NO. 19-3121-SAC

**BRIAN COLE, et al.,**

      **Defendants.**

## O R D E R

Plaintiff, a pretrial detainee appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is being held at the Shawnee County Adult Detention Center in Topeka, Kansas. Mr. Bailey alleges the defendants failed to protect him from attack by another inmate. Plaintiff was being housed in the Annex building of the Shawnee County Adult Detention Center on a probation violation and misdemeanor theft charge. On February 12, 2018, he was moved to Z-module and placed in a cell with a well-known violent offender who is a member of the Aryan Brotherhood and who had previously attacked another African-American inmate. Plaintiff was attacked by this inmate the same day, getting ambushed from behind and stabbed. Mr. Bailey suffered injuries and was transported to the emergency room.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the Shawnee County Department of Corrections (SCDC). *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Clerk of the Court shall prepare summons to be served pursuant to Rule 4(j) on defendant Shawnee County Department of Corrections by the U.S. Marshal at no cost to Plaintiff. The Clerk of the Court shall prepare waiver of service forms for defendants Brian Cole and (FNU) Bilby, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served at no cost to Plaintiff absent a finding by the Court that Plaintiff is able to pay such costs.

(2) The report required herein shall be filed no later than **sixty (60) days** from the date of this order, and Defendants' answers shall be filed within **sixty (60) days** following receipt of that report by counsel for Defendants or as set forth in the waiver of service, whichever is later.

(3) Officials responsible for the operation of the Shawnee County Adult Detention Center are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

  b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

  c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

 (4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The SCDC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

 (5) Authorization is granted to the officials of the SCDC to interview all witnesses having knowledge of the facts, including Plaintiff.

 (6) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

 (7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 15th day of October, 2019.**

            <u>s/ Sam A. Crow</u>
            **SAM A. CROW**
            **U. S. Senior District Judge**