IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH RAY BAILEY,

      Plaintiff,

      v.                                CASE NO. 19-3121-SAC

BRIAN COLE, et al.,

      Defendants.

**O R D E R**

This matter is before the Court on three motions: Plaintiff's Motion to Appoint Counsel (ECF No. 8), Plaintiff's Motion for Default Judgment (ECF No. 9), and a Motion for Extension of Time filed by Defendants (ECF No. 13).

**Motion to Appoint Counsel (ECF No. 8)**

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that

1

having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

Here, the Court has ordered a *Martinez* report to assist in screening the case. Because the report has not yet been filed and because Plaintiff appears able to present his claims adequately at this point, the motion is denied without prejudice to refiling.

**Motion for Default Judgment (ECF No. 9)**

Plaintiff asks the Court to enter default judgment against Defendants. He points out that Defendant Shawnee County Department of Corrections was served on October 21, 2019, and Defendant had filed no response as of the date of his motion (December 4, 2019).

Plaintiff's confusion is understandable, as the docket sheet states Defendant's answer was due November 12, 2019. However, the Court's order of October 15, 2019 (ECF No. 4) states that "[n]o answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared." The *Martinez* report was ordered to be filed no later than sixty days for the date of the order, so it is not yet due. Once it is filed, the order states that Defendants have an additional sixty days to file their answer to the complaint (*see* ECF No. 4, at 2) (*but see* modification below).

Plaintiff's motion is therefore denied.

**Motion for Extension of Time to File Martinez Report and Answer (ECF No. 13)**

Defendants Brian Cole and Shawnee County Department of Corrections request a sixty (60) day extension of time to prepare and file the *Martinez* report ordered by this Court to be submitted by December 13, 2019, and to file their answer to the complaint. Defendants cite the need to review Plaintiff's supplemental complaint filed on December 5, 2019, the time required to gather necessary exhibits for the *Martinez* report, and defense counsel's case load as reasons for the requested extension of time. This is Defendants' first request for an extension. For good cause shown, Defendants' motion is granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 8) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 9) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Time (ECF No. 13) is **granted**. The deadline for Defendant Shawnee County Department of Corrections to file the *Martinez* report is extended to **February 11, 2020**, and the deadline for Defendants to file their Answer is **March 12, 2020**.

**IT IS SO ORDERED.**

Dated in Topeka, Kansas, on this 12th day of December, 2019.

SAM A. CROW
U. S. Senior District Judge