IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENNETH RAY BAILEY,**

**Plaintiff,**

v.  CASE NO. 19-3121-SAC

**BRIAN COLE, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff, appearing pro se and in forma pauperis, filed this civil rights complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was housed at the Shawnee County Adult Detention Center (SCADC) in Topeka, Kansas.

**I. Nature of the Matter before the Court**

Mr. Bailey alleges the defendants failed to protect him from attack by another inmate. Plaintiff was being housed in the Annex building of the Shawnee County Adult Detention Center on a probation violation and misdemeanor theft charge. On February 12, 2018, he was moved to Z-module and placed in a cell with Caleb Kanatzar, a well-known violent offender who Plaintiff asserts is a member of the Aryan Brotherhood and who had previously attacked another African American inmate. Plaintiff was attacked by Kanatzar the same day, getting ambushed from behind and stabbed. Mr. Bailey suffered injuries and was transported to the emergency room.

1

On October 15, 2019, the Court entered an Order (ECF No. 4) finding that the proper processing of Plaintiff's claim could not be achieved without additional information from appropriate officials of the SCADC. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate officials of the SCADC to prepare and file a *Martinez* Report, noting that once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915. At the direction of the Court, counsel for the SCADC filed a *Martinez* Report (ECF No. 26).

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff alleges that Defendants failed to protect him from Kanatzar. "Prison and jail officials, as well as municipal entities that employ them, cannot absolutely guarantee the safety of their prisoners. Nonetheless, they have a constitutional duty to take reasonable steps to protect the prisoners' safety and bodily integrity." *Wright v. Collison*, 651 F. App'x 745, 748 (10th Cir. 2016) (unpublished) (quoting *Cox v. Glanz*, 800 F.3d 1231, 1247–48 (10th Cir. 2015)). Because Plaintiff is a pretrial detainee, his claims are governed by the Due Process Clause rather than the Eighth Amendment. *Wright*, 651 F. App'x at 748 (citing *Lopez v. LeMaster*, 172 F.3d 756 n.2 (10th Cir. 1999)). Even so, the Court applies an analysis identical to that applied in Eighth Amendment cases brought under § 1983. *Id*.

"To establish a cognizable Eighth Amendment claim for failure to protect an inmate from harm by other inmates, the plaintiff must show that he [was] incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Id*. (citing *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) (brackets and internal quotation marks omitted)). Deliberate indifference requires "a higher degree of fault than negligence." *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993) (other citations omitted); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). It follows that plaintiff must allege facts indicating that defendants actually knew of

4

but disregarded a serious risk to him, rather than that they should have been aware of possible danger. *Id.* The mere fact that an assault occurred does not establish the requisite deliberate indifference to plaintiff's constitutional rights. *Hovater*, 1 F.3d at 1068. Nor does an isolated attack by another inmate demonstrate a failure to protect.

The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims." *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)).

The Court has examined the commendably thorough *Martinez* Report and, for the reasons that follow, is considering the dismissal of this action. Plaintiff will be given an opportunity to respond to the *Martinez* Report and is directed to show cause why dismissal should not be entered.

The *Martinez* Report and attachments reflect that while Kanatzar had a history of violent behavior, his aggression was not only directed at inmates of color. He and Plaintiff had been housed in the same module in the past without incident, and Kanatzar had shared the same cell with Black inmates with no issues. Kanatzar was not a confirmed member of the Aryan Brotherhood or any other racially affiliated hate group at the time of the incident. Kanatzar did not use any racially offensive language toward Plaintiff or otherwise indicate the attack was racially motivated. The facts as alleged in the *Martinez* Report do not demonstrate that housing Plaintiff with Kanatzar presented a substantial risk of serious harm to Plaintiff or that Defendants were deliberately indifferent to such risk. The *Martinez* Report also sets forth that Plaintiff did not exhaust his administrative remedies.

For the reasons set forth, the Court directs Plaintiff to show cause why his Complaint should not be dismissed. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim for relief.

**IT IS THEREFORE ORDERED BY THE COURT** Plaintiff is granted until **April 30, 2021,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 31st day of March, 2021.**

s/ Sam A. Crow
SAM A. CROW
U. S. Senior District Judge
